ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS (259916)
MICHAEL ALBERT (301120)
KENNETH P. DOLITSKY (345400)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
malbert@rgrdlaw.com
kdolitsky@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JEFFREY HINDLEMANN, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> MOLINA HEALTHCARE, INC., et al., <br><br> Defendants. | Case No. 2:25-cv-09461-SPG-RAO <br><br> <u>CLASS ACTION</u> <br><br> AUTOMOTIVE INDUSTRIES PENSION TRUST FUND'S OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS <br><br> DATE: January 7, 2026 <br> TIME: 1:30 p.m. <br> CTRM: 5C <br> JUDGE: Hon. Sherilyn Peace Garnett |

4911-4479-5778.v1

## I.    INTRODUCTION

On December 2, 2025, five competing motions were filed by class members seeking appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"): (1) Automotive Industries Pension Trust Fund (the "Pension Fund"); (2) Anil Wagle and Bindu Wagle; (3) Irving Firemen's Relief & Retirement Fund ("Irving Fire"); (4) Christy S. Joseph; and (5) Hanser Ponce Blanco. *See* ECF 13, 15, 19, 22, 27.[1]  Based on information contained in the lead plaintiff motions, the Pension Fund is the "most adequate plaintiff" within the meaning of the PSLRA as it possesses the "largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

Indeed, with over $330,000 in losses incurred on its investment in Molina Healthcare, Inc. securities during the Class Period (February 5, 2025-July 23, 2025), the Pension Fund's financial interest "in the relief sought by the class" is undeniably more than any of the four competing lead plaintiff movants (more than 45% greater than the ***combined losses*** of all competing movants).



---

[1]    Messrs. Joseph and Blanco and the Wagles each filed notices withdrawing their respective motions.  *See* ECF 32, 33, 35.

- 1 -

4911-4479-5778.v1

In accordance with the PSLRA, the Pension Fund is therefore entitled to a strong presumption that it is the "most adequate plaintiff" because it has the largest financial interest in the litigation and has made a *prima facie* showing of its typicality and adequacy.  *See* ECF 28 at 4-5; 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).   That presumption can only be rebutted "upon proof" that the Pension Fund is inadequate or atypical.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).  There are no facts, let alone any "proof," suggesting that the Pension Fund is somehow unfit to represent the class.

To the contrary, the Pension Fund – an institutional investor with experience serving as a fiduciary – is a qualified lead plaintiff candidate committed to vigorously prosecuting this litigation on behalf of all class members.  In addition, the Pension Fund has chosen counsel with decades of experience litigating securities class actions.  Accordingly, the Pension Fund is the "most adequate plaintiff" pursuant to the PSLRA.

Because the Pension Fund has the largest financial interest and satisfies the Rule 23 requirements, the Pension Fund respectfully requests that the Court grant its lead plaintiff motion.

## II.   ARGUMENT

According to the PSLRA, "[t]he 'most capable' plaintiff – and hence the lead plaintiff – is the one who has the greatest financial stake in the outcome of the case, so long as he meets the requirements of Rule 23."  *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002); 15 U.S.C. §78u-4(a)(3)(B)(iii).

"The Court should follow a 'three-step process for identifying the lead plaintiff pursuant to these criteria.'"  *Roberti v. OSI Sys., Inc.*, 2014 WL 12845727, at *2 (C.D. Cal. Mar. 17, 2014) (quoting *Cavanaugh*, 306 F.3d at 729).  The first step – publication of the pendency of this Action – has been completed.  *See* ECF 29-1.  In the next two steps, courts consider "potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order *if*

- 2 -

*and only if* the presumptive lead plaintiff is found inadequate or atypical." *Cavanaugh*, 306 F.3d at 732 (emphasis added).

### A. Only the Pension Fund Qualifies for the "Most Adequate Plaintiff" Presumption

#### 1. The Pension Fund Has the Largest Financial Interest

The second step consists of identifying the presumptive lead plaintiff. During this second stage of the three-step lead plaintiff inquiry, "the district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit." *Cavanaugh*, 306 F.3d at 730. While the PSLRA does not delineate how financial interest should be assessed, the Ninth Circuit has said "[t]o make this comparison, the district court . . . may select accounting methods that are both rational and consistently applied." *Id.* at 730 n.4. Most district courts consider various factors, of which loss is considered the most important. *See In re Cheetah Mobile, Inc. Sec. Litig.*, 2021 WL 99635, at *3 (C.D. Cal. Jan. 12, 2021) ("the Court elects to follow the approach advanced by courts in the Ninth Circuit, elevating the importance of [loss above any other factors]"); *Green v. Maison Sols. Inc.*, 2024 WL 5047482, at *3 (C.D. Cal. Apr. 4, 2024) (Garnett, J.) (looking to loss as the proxy for financial interest). Examining each movant's trading, it is apparent that the Pension Fund possesses the largest loss, regardless of the accounting methodology used to calculate losses. However, if the Court was to consider other factors such as: "'1) number of shares purchased during the class period; 2) net shares purchased during the class period; 3) net funds expended during the class period; and 4) approximate losses from the alleged fraud'" (*Stradford v. Chipotle Mexican Grill, Inc.*, 2025 WL 3466736, at *3 (C.D. Cal. Feb. 21, 2025) (Garnett, J.) (citation omitted)), the Pension Fund is *still* the movant with the largest financial interest in the relief sought by the class:

4911-4479-5778.v1

| Movant | Factor 1 Total Shares Purchased During CP | Factor 2 Net Shares Purchased During CP | Factor 3 Net Funds Expended During CP | Factor 4 Approximate Losses |
|---|---|---|---|---|
| Pension Fund | **2,500** | **2,500** | **$828,151** | **$333,162** |
| *The Wagles (withdrawn)* | 2,369 | 2,369 | $548,987 | $127,566 |
| Irving Fire[2] | 646 | 646 | $201,655 | $86,716 |
| *Mr. Joseph (withdrawn)* | 100 | 100 | $24,567 | $7,868 |
| *Mr. Blanco (withdrawn)* | 101 | 100 | $23,959 | $7,029 |

In sum, the Pension Fund possesses the largest financial interest.  Pursuant to the PSLRA's process, "further inquiry must focus on [the Pension Fund] alone and be limited to determining whether [it] satisfies the other statutory requirements." *Cavanaugh*, 306 F.3d at 732.

**B.     The Pension Fund Also Satisfies the Rule 23 Requirements**

Because the Pension Fund also possesses the greatest financial interest, the next question is whether it "otherwise satisfies the requirements of Rule 23."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  At this stage, the Rule 23 determination is limited to typicality and adequacy.  *Cavanaugh*, 306 F.3d at 730.  As evidenced by the information provided by the Pension Fund in its lead plaintiff application, there is no question that it is both typical of the putative class and adequate. *See* ECF 28 at 4-5. The Pension Fund satisfies the typicality requirement as its claims are essentially identical to those of all other class members and rely on the same factual and legal

---

[2]     In addition to possessing a smaller financial interest than the Pension Fund, Irving Fire's submissions suffer from inconsistencies that preclude this Court from determining its adequacy.  Specifically, Irving Fire's sworn PSLRA Certification conflicts with its submitted loss chart regarding the price it paid to purchase all 646 of its Molina shares.  *Compare* ECF 13-4 (Certification claiming purchase price of $312.16) *with* ECF 13-5 (loss chart claiming purchase price of $312.126).  Irving Fire's failure to provide an accurate accounting of its transactions undermines the reliability of its Certification and raises doubt as to Irving Fire's ability to adequately represent the class in this case.  *See Burns v. UP Fintech Holding Ltd.*, 2024 WL 387261, at *5 (C.D. Cal. Jan. 30, 2024) ("typographical error" in "Certification signed under penalty of perjury further demonstrate[s] [lead plaintiff movant] will not adequately represent the class").

- 4 -

arguments. *Id.* Indeed, like all other class members, it: (1) purchased Molina securities during the relevant time period; (2) was adversely affected by defendants' wrongful conduct; and (3) suffered damages thereby. *Id.*; *see Stradford*, 2025 WL 3466736, at *4. The Pension Fund is also adequate because, among other things, its interests are aligned with those of other class members because all class members purchased Molina securities and were negatively impacted by defendants' alleged wrongdoing. Moreover, the Pension Fund is a sophisticated institutional investor with vast experience serving as a fiduciary on behalf of its participants and beneficiaries. ECF 28 at 4-5. As such, the Pension Fund is not just highly incentivized to vigorously prosecute this Action, but firmly committed to maximizing the recovery for putative class members harmed by the alleged wrongdoing.

In addition, the Pension Fund selected a lead counsel that is highly qualified to prosecute this securities fraud class action. *See In re Enron Corp. Sec., Derivative & ERISA Litig.*, 586 F. Supp. 2d 732, 789-90, 797 (S.D. Tex. 2008) (Robbins Geller as sole lead counsel obtaining the largest securities recovery of all time; court finding that "it is one of the most successful law firms in securities class actions, if not the preeminent one, in the country"); *Karinski v. Stamps.com, Inc.*, No. 2:19-cv-01828-MWF-SK, ECF 215 at 2 (C.D. Cal. Mar. 17, 2022) (Approving $100 million settlement in a securities class action filed against Stamps.com and finding that: "Lead Counsel has pursued the Litigation and achieved the Settlement with skill, perseverance, and diligent advocacy[.]").

Because the Pension Fund has the largest financial interest and satisfies Rule 23's requirements, it is presumptively the "most adequate plaintiff."

**C.      The Competing Motions Should Be Denied Because the Competing Movants Lack the Largest Financial Interest and Cannot Rebut the Presumption in the Pension Fund's Favor**

To rebut the presumption in favor of the Pension Fund's appointment as lead plaintiff, the PSLRA requires class members to submit "proof" that the Pension Fund

- 5 -

"will not fairly and adequately protect the interests of the class," or are "subject to unique defenses." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II). None exists. Because each of the competing movants have smaller losses than the Pension Fund and cannot rebut the presumption that the Pension Fund is the most adequate plaintiff, their motions must be denied. Indeed, pursuant to the PSLRA's sequential process, the Court may only consider competing movants' motions "if and *only if* [the Pension Fund] is found inadequate or atypical." *Cavanaugh*, 306 F.3d at 732 (emphasis added). Because the Pension Fund is "both willing to serve and satisfies the requirements of Rule 23," the competing motions should be denied. *Id.* at 730.

## III.    CONCLUSION

The Pension Fund suffered the greatest loss and has demonstrated its ability to satisfy Rule 23's typicality and adequacy requirements. The Pension Fund's motion should be granted.

DATED:  December 17, 2025                Respectfully submitted,

ROBBINS GELLER RUDMAN
 & DOWD LLP
DANIELLE S. MYERS
MICHAEL ALBERT
KENNETH P. DOLITSKY


s/ Kenneth P. Dolitsky
KENNETH P. DOLITSKY

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
malbert@rgrdlaw.com
kdolitsky@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

- 6 -

4911-4479-5778.v1

## LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for the Pension Fund, certifies that this brief contains 1,667 words, which complies with the word limit of L.R. 11-6.1.

DATED:  December 17, 2025

_s/ Kenneth P. Dolitsky_
KENNETH P. DOLITSKY

4911-4479-5778.v1